# CHARLESTON.

Camden *v.* Ferrell.

Submitted September 17, 1901. Decided November 16, 1901.

Bill of Review—*Decree—Default.*

> A bill of review based on newly discovered evidence does not lie to a decree by default. (p. 120).

Appeal from Circuit Court, Webster County.

Bill of review by Wilson L. Camden and others against R. C. Ferrell. Decree for defendant, and plaintiffs appeal.

*Affirmed.*

Linn & Byrne, for appellants.

Mollohan, McClintic & Mathews, for appellee.

Brannon, President:

A chancery suit was brought in the circuit court of Webster

County by R. C. Ferrell against the administrator and heirs of G. D. Camden to enforce the specific performance of a contract for the sale and conveyance of land. The administrator filed an answer denying the execution by Camden of the writing on which the suit was based. The heirs did not answer. A decree was rendered for the enforcement of the contract by a conveyance from the heirs. The heirs tendered to judge Bennett a paper calling itself a bill of review to set aside said decree on newly discovered matter; but he refused to allow it to be filed, and the heirs obtained this appeal.

We do not see that a bill of review lies to reverse a decree by default on newly discovered evidence. No authority for it has been shown. There was no issue between Ferrell and the heirs. The administrator does not represent the title to land. The land is not in him, but in the heirs, and his answer could raise no issue between Ferrell and them. Newly discovered evidence, under the law pertinent to bills of review, must bear on the issue involved in the suit, and on which the decree is predicated. That evidence must be more evidence on that issue. How can we say this when there was none? It must be non-cumulative. How can we say that evidence is such in such case? If indeed all this new evidence now presented had been before the court at the time of the decree, it could not have been considered for want of an answer, and it can avail nothing when brought forth by a bill of review. A consent decree cannot be affected by a bill of review, but only by an original bill. *Thompson* v. *Maxwell,* 95 U. S. 391; *Manion* v. *Fahy,* 11 W. Va. 482; 3 Ency. Pl. & Prac. 608. True, a decree by default is not a consent decree fully; but it is one on a bill taken *pro confesso;* and is on facts admitted on failure to deny them, and is enough analogous to a consent decree to justify the comparison. It may be said that a defendant may omit to defend because knowing no evidence on which to defend, and that if he discovers it after decree, he should have relief against the decree by bill of review. I find no authority for it. If he can get relief by an original bill, he must bring suit in the usual way by suing out a summons and filing his bill of right, and a judge commits no error in refusing to allow it to be filed whether we treat it as an original bill or a bill of review. We therefore affirm the order refusing leave to file this pleading.

*Affirmed.*