# CHARLESTON.

## LAW *v.* LAW.

Submitted January 21, 1904.    Decided February 16, 1904.

1. DECREE—*Fraud—New Suit.*
    If a decree in a cause has been procured by fraud, discovered after the decree is entered on the record, and after the adjournment of the term at which it is entered, it can be set aside, only by an original bill, in a new suit, and cannot be annulled by a bill of review. (p. 12).

2 BILL OF REVIEW—*Fraud—Amended Bill.*
    Where a bill of review is filed in a cause to set aside certain decrees therein, alleged to have been procured by fraud, and a demurrer is sustained to said bill as a bill of review; and the plaintiff therein asks leave to amend the same, and have it taken and treated as an original bill, for the purpose of setting aside said decrees, for fraud; and said bill can be so amended as to make ,it a bill, sufficient in substance for the purpose sought, it is error in the court to refuse to allow such amendment to be made therein, and to treat the same when so amended as an original bill. (p. 12).

.Appeal from Circuit Court, Lewis County.

Bill by Marie E. Law against Thomas E. Law and others. Decree for defendants, and plaintiff appeals.

*Reversed.*

LINN & BLAND, for appellant.

GEO. C. COLE, for appellees.

MILLER, JUDGE:

Thomas F. Law, as administrator of the estate of F. E. Law, deceased, instituted, in the circuit court of Lewis county, his suit in chancery,.against Marie E. Law, widow, and Adda Law, Thomas F. Law and J. W. O. Law, children and heirs at law of said F. E. Law, deceased; and Joseph Evans and Howard Neely, trustee. The bill was filed at the June Rules, 1899. The object of the suit was to subject to sale certain lands, owned by F. E. Law, at the time of his death, to the payment of his debts. The indebtedness of the decedent was ascertained; a

gross sum was decreed to said widow, in lieu of her dower in the lands of which her husband died seized; and the said lands were sold free from her dower, at which sale one M. L. Law, became the purchaser. At September Rules, 1902, Marie E. Law, widow, filed in the clerk's office of the circuit court of said county, what she styles, "The bill of review of Marie E. Law, against Thomas F. Law, administrator of F. E. Law, deceased; Adda Law and J. W. O. Law, children and heirs-at-law of the said F. E. Law, deceased; Joseph Evans, Howard Neely, Trustee, W. W. Brannon, Special Commissioner, M. L. Law and W. O. Law," the said Brannon, being the person who sold said land under decree, and the said W. O. Law, being the surety on the notes, given by M. L. Law, for the deferred installments of the purchase money for the land so sold. The said bill of reviews avers that the bill in said original cause was filed at June Rules, 1899, and that said cause was ended at the March Term, 1901; that in the original bill, the plaintiff therein alleged that, at the time of said F. E. Law's death, he was the owner in fee of certain real estate situate on the waters of Hacker's Creek, in the county of Lewis; that two tracts of said land had been conveyed to Howard Neely, trustee, by said F. E. Law and wife, by deed, as it otherwise appears, to secure a debt, which F. E. Law owed to said Evans; and that Law was the owner of another tract, known as his home farm; that the plaintiff averred that said F. E. Law, at the time of his death, owed other debts to other parties; that the amount of said debts was unknown to the plaintiff, but was not less than five thousand dollars; that the plaintiff further averred that the rights of the said Evans under his deed of trust were superior to the dower right of the widow of said F. E. Law by reason of the fact that she united in the deed of trust aforesaid; that the said widow would be entitled to the interest, which the law would give her in the surplus proceeds of the sale of the said two tracts, covered by the said Evans' deed of trust; but that she desired to relinquish any claim to such proceeds or any part thereof, on account of her dower right, and wished the whole net amount of such proceeds to be devoted to the discharge of the debts of the said F. E. Law, so as to leave, as far as possible, the home farm undisturbed; and should the court be of opinion that, by reason of her relinquishment of her interest in such net proceeds of sale, her de-

mands in the other tract would be augmented, she might thereafter claim the same. The said original bill prayed that the accounts of the administrator might be settled; that the net amount of personal estate be ascertained and fixed; that the debts against the said decedent, together with their amounts and priorities thereof, be also ascertained and fixed, according to law, both as to the personal and real estate; that the said two tracts of land, described in the Evans deed of trust, after the application of the personal estate to the indebtedness, be subjected to sale in satisfaction of the debts; and that such portion of the other farm as might be necessary, and as would be least injurious to the said widow and heirs, be also subjected to sale in satisfaction of the balance of said indebtedness.

The bill of review further avers that, in said original suit, George Woofter was, at the rules, appointed guardian *ad litem* for the said defendant J. W. O. Law, who was a minor; that said minor, by his said guardian *ad litem,* filed an answer to the original bill; and that, on the 28th day of June, 1899, a decree of reference was entered in said cause, in which decree, it is recited that the "adult defendants appeared and demurred to the bill, in which demurrer the plaintiff joined, and the court, having considered the questions arising on said demurrer, overruled the same. Thereupon the said demurring defendants waived their right to answer the bill. And the cause came on to be heard upon the bill taken for confessed against said adult defendants, exhibits, answer of said infant defendant by his guardian *ad litem,* process, and was argued by counsel." On consideration of all of which, the said cause was referred to W. J. Smith, commissioner, who was directed to ascertain and report certain matters specified in the decree. It is further averred that, on the 17th day of October, 1899, a further decree was pronounced in said cause, the same having been on that day heard upon the papers, read on a former hearing, former orders and decrees; and, upon the report of Commissioner W. J. Smith, filed on the 14th day of October, 1899: "Upon the waiver of notice from said commissioner, by W. W. Brannon, the only attorney of record, to which report there was no exceptions"; and thereupon the estate of F. E. Law was decreed to pay to its creditors the several sums therein mentioned; and it was ascertained by said decree that the age of the widow of said F. E.

Law was fifty-one years. It was also adjudged, ordered and decreed thereby that W. W. Brannon, special commissioner, should sell the two tracts of land therein mentioned in the manner and upon the terms specified, unless the debts, interest thereon, and costs decreed against the said estate, should be paid within thirty days. It was further decreed that both of the said tracts of land should be sold free from the dower of said widow; and that, on her motion, she might look to any surplus proceeds of the sale of the said tract of one hundred and fifteen acres over and above the Evans debt and interest, and to the entire proceeds of the sale of the other tract of one hundred and five acres, (the home farm), for a gross sum in lieu of her dower, to be fixed upon the in-coming of the report of sale.

The bill of review further shows that a sale of said lands was afterwards made to said M. F. Law; that W. O. Law signed the purchase money notes given therefor, as surety; that by decree made and entered in said cause on the 25th day of June, 1901, said sale was confirmed; that the cause was then referred to a commissioner to ascertain and report the gross sum, in lieu of dower to which said Marie E. Law was entitled out of the proceeds of the sale of each of said tracts of land; that by decree made and entered in said cause on the 29th day of October, 1901, it was "adjudged, ordered and decreed that the said Marie E. Law is entitled to the sum of $702.33, as a gross sum in lieu of her dower, from the proceeds of the sale of the tract of one hundred and five acres of land, heretofore sold under decree herein."

Plaintiff in said bill of review alleges that she is aggrieved by the said decrees of October 17, 1899, and October 29, 1901, respectively; that she ought not to be bound by either of them; that both of said decrees are erroneous, and should be reversed; and for assignment of error therein, she further alleges that said decrees show upon their face that said cause, in which the same were pronounced, was heard upon the plaintiff's bill therein taken for confessed as to her and the other adult defendants thereto; that she was not represented by counsel therein; and that no one had authority to bind her. She avers that, although it appears that she demurred to the bill, as a matter of fact, that statement is untrue, and that such appearance on her behalf was unauthorized and fraudulent; and that she is not bound by the allegation in the plaintiff's bill that she was willing to accept a

gross sum in lieu of her dower. She charges, upon information and belief, that W. W. Brannon, Esq., was the only attorney of record in the said cause; and that he was counsel for the plaintiff therein, she being a defendant as hereinbefore shown. It is admitted in the briefs that said Brannon filed said demurrer, and made said appearance on her behalf. She further alleges that she never, at any time, employed said Brannon to represent her in said cause, and never authorized any other person to employ him for her. Plaintiff charges, upon information and belief, that the defendant, M. L. Law, who afterwards became the purchaser of said land, procured said Brannon to appear for her as attorney in said cause, the said M. L. Law, having represented to Brannon that plaintiff desired him to represent her as her counsel; that said M. L. Law conspired against her for the purpose of having the said property sold free from her dower right therein; and in order that he might be in position to purchase the same free from her claim of dower therein; that Law misrepresented the true situation to said Brannon; imposed upon him; and made him the victim of false representation and fraud. She also avers that dower in said lands was not assigned to her in kind before said decree of sale, and that she at no time elected to take the value of her dower in said tract of one hundred and five acres in money; that there is nothing in the record of the said cause, showing an election made by her to accept a sum of money in lieu of dower; that she has never accepted the said gross sum decreed to her; and she charges that it was error to decree to her said sum in lieu of her right to dower in said one hundred and five acres.

The bill prays that said decrees of October 17, 1899, and October 29, 1901, respectively, be reviewed and altered to the extent of decreeing to her, as the widow of F. E. Law, deceased, dower in kind in the said tract of one hundred and five acres of land, instead of the value of such dower in money; that all proper orders and decrees in respect to said dower be entered; and for general relief.

To this bill of review, the defendant, M. L. Law, on the 28th day of October, 1902, filed his demurrer, assigning therein several reasons why the same should be sustained. No appearance of any kind was made to said bill by any of the other defendants thereto. On consideration thereof, the court sustained the de-

murrer. Thereupon the plaintiff asked leave to amend her said bill by inserting therein, on the 7th page thereof, after the words, "was unauthorized and fraudulent," the following: "She avers that no process in said cause was ever served upon her, and the decrees so obtained were without process as to her, and without her knowledge or consent," and also by inserting in the prayer of the bill the following: "And if the relief herein prayed for, cannot be granted, upon this bill, treated as a bill of review, that the same be treated and held as an original bill for relief upon the facts herein alleged"; to which amendments the defendant, M. L. Law, objected, and the court sustained the objection, refused to allow said amendments, and dismissed the bill, at the costs of the plaintiff, but without prejudice to the right of plaintiff to file an original bill, to impeach the decrees complained of, for fraud.

Plaintiff, Marie E. Law, was granted an appeal from that decree, and complains that the circuit court erred in sustaining said demurrer; and in refusing to allow said proposed amendments.

The decrees complained of are based upon the bill, taken for confessed, as against Marie E. Law, and her adult co-defendants. The bill of review is not for newly discovered evidence. It would not lie for that cause to a decree taken *pro confesso*. *Camden* v. *Ferrell,* 50 W. Va. 119; Hogg's Eq. Proc. Vol. I, s. 210. If the present bill can be maintained for any reason, it must be on the ground that there is error of law apparent on the face of the said decrees, such as appear in the decrees themselves; the opinion of the court; or from the pleadings in the cause, and exhibits filed therewith; or from such error as arises from facts, either admitted by the pleadings, or stated as facts, settled, declared, or allowed by the decree. Neither the depositions nor the evidence in the cause can be looked to, to show error. *Dunn* v. *Renick,* 40 W. Va. 349; Hogg's Eq. Proc., *supra,* s. 211.

What errors of law are apparent on the face of the decrees? The court had jurisdiction of the subject matter of the suit in which the said decrees were made and entered. Code, ch 86, s. 7. Process had been issued therein, but whether or not service thereof had been made upon the defendants, or any of them, the record does not state. The infant defendant answered the

bill by guardian *ad litem,* and, as recited in the record, "the adult defendants appeared, and demurred to the bill, in which demurrer the plaintiff joined, and the court, having considered the questions arising on said demurrer, overruled the same. Thereupon the said demurring defendants waived their right to answer the said bill. And the cause came on to be heard upon the bill taken for confessed against said adult defendants, exhibits, answer of said infant defendant by his guardian *ad litem,* and process; and was argued by counsel." As shown by the face of the record, the court also had jurisdiction of the parties to the suit. Upon examination, we find no error of law on the face of the record. The decrees are such as are warranted by the pleadings, and the facts admitted therein. In *State* v. *Vest,* 21 W. Va. 796, it is held that, "A record imports such absolute verity, that no person against whom it is pronounced will be permitted to aver or prove anything against it." JUDGE GREEN, who delivered the opinion of the court in that case, says, upon that point: "It is certainly a rule invariably recognized by the courts, that a record imports such absolute verity, that no person against whom it is pronounced will be permitted to aver or prove anything against it. This rule is well established, and we now here refer to but a few of the many cases in which this doctrine has been held. See *Rex* v. *Carlisle,* 2 Barns. Ad. 971; 23 Eng. Ch. R. 226; *Reitzemberger* v. *Braden,* 18 W. Va. 280; *Carper* v. *McDowell,* 5 Grat. 212, 226; *Harkins* v. *Forsyth,* 11 Leigh 24; *Taliaferro* v. *Pryor,* 12 Grat. 277; *Vaughn et als* v. *The Commonwealth,* 17 Grat. 386; *Quinn et als.* v. *Commonwealth,* 20 Grat. 138. Whatever therefore on the face of a book of record has been duly authenticated by the signature of the judge, must be held to be an absolute verity, and it cannot be contradicted; and so also any paper actually referred to on the record-book as filed or as constituting a part of the record is to be regarded as a part of the record, and is as much a verity as if it had been spread out at length as a part of the record." But in *Springston* v. *Morris,* 47 W. Va. 50, it is also held that the recitals of a decree, which is directly attacked for fraud, are not presumed to be absolute verities, but are subject to impeachment. JUDGE DENT, speaking for the Court, says: "Defendants insist that the plaintiffs have no right to question the recitals of the decree confirming the sale. *State* v. *Vest,* 21 W. Va. 796. This

is not the rule where a decree is directly impeached for fraud
or surprise in its procurement. It may be an absolute verity
as to what occurred in court and was there recorded, but not
as to the recitals therein contained as to what occurred other
than in the presence of the court at the time of the entry of
the decree, Black. Judgm., s. 238. If such rule were to be held
good in all cases, no decree could be impeached for fraud or sur-
prise; and yet such is ordinary equity jurisdiction. Bart. Ch.
Prac. (2d. Ed.) p. 841. The doctrine of the absolute verity of
the record must always yield to that higher equitable doctrine
that fraud vitiates all things. "It is the just and proper pride
of our mature system of equity jurisprudence that fraud vitiates
every transaction; and however men may surround it with
forms, solemn instruments, proceedings conforming to all the
details required in the laws, or even by the formal judgment of
courts, a court of equity will disregard them all, if necessary,
that justice and equity may prevail." *Warner* v. *Blakeman,* 43
N. Y. 507; Freem. Judgm. s. 489. The proper way in which
to attack such decree, when the object is merely to set aside the
decree, and then permit the original suit to continue to final
hearing, is by an original bill in the nature of a bill of review.
*Manion* v. *Fahy,* 11 W. Va. 482."

Therefore, the demurrer to plaintiff's bill, treated as a bill of
review, there being no error of law apparent on the face of the
record, was properly sustained. Plaintiff, however, asked leave
to amend her bill, as hereinbefore stated. Such amendment
would not contradict any recitals in the record. It does appear
that the cause was heard upon process, but it is not stated that
the process had been served.

If the proposed allegations be true, the plaintiff had the right
to aver and prove them in some appropriate proceeding. The
learned judge who decided the case, evidently thought that plain-
tiff had the right to maintain an original bill for the purpose of
impeaching the decrees complained of, for fraud. Such seems
to have been the opinion of this Court in the case of *Manion* v.
*Fahy,* 11 W. Va. 491. It is there said: "If a decree has been
procured by fraud, discovered after the decree is entered but
before it is enrolled, the proper mode of correcting it by the
English practice is neither by a petition for a re-hearing nor by
a supplemental bill, in the nature of a bill of review, but the

correction must be asked by an original bill in the nature of a bill of review; see *Mussell* v. *Morgan,* 3 Bro. Ch. R. 74, 79. Such a bill is not a continuance of the former suit, as a supplemental bill in the nature of a bill of review is; but it is a new suit, and like any other original bill, it may be filed without the leave of the court. After the decree has been enrolled, no matter what may be the character of the decree, whether it be an interlocutory decree in the sense in which we use the term, or a final decree, it can, according to the English practice, be modified or annulled by the court, who pronounced the decree only by bill of review, which may be filed for error of law, apparent on the face of the record, or because of newly discovered matter. If however, this enrolled decree was procured by fraud, it can only be set aside by an original bill, in a new suit, and cannot be annulled by a bill of review: *Mussell* v. *Morgan,* 3 Bro. Ch. R. 74." Plaintiff asked the court, not only to allow her to amend her bill, but also to then treat it as and for an original bill, for relief, upon the facts therein alleged. When amended, the bill would have been in effect, an original bill for the proposed purpose, of setting aside the decrees, for fraud.

The plaintiff may of right amend his declaration, or bill, at any time before appearance of the defendant, or after such appearance, if substantial justice will be promoted thereby. Code, chapter 125, section 12. Plaintiff had filed her bill in the clerk's office at rules. Defendant, M. F. Law, appeared in court and interposed his demurrer thereto as a bill of review. If insufficient or improper as such bill of review; but sufficient, or capable of being made so, by proper amendment, for the object sought, it was error in the court to refuse such amendment; and it was also error to dismiss the bill. In *Sturm* v. *Fleming,* 22 W. Va. 404, it is said: "The name and form are immaterial; substance is all that is required. In Virginia the practice of courts of equity, which is the rule of practice in this State, allows the greatest liberality with respect to pleadings." In *Riggs* v. *Armstrong,* 23 W. Va. 760, it is held: "It is the disposition of courts of equity to regard substance rather than mere form; hence in this case a bill was filed as a cross-bill which could not be sustained as such, but having all the elements of an original bill, was held to be sufficient as an original bill and treated as such." *Skaggs*

v. *Mann,* 46 W. Va. 209, 219; *Cunnigham* v. *Hedrick,* 23 W. Va. 579.

If then, the remedy in such case is by an original bill, and the bill of review, filed in this cause, could have been properly amended, and then treated as an original bill for the purposes sought, it is plain that the court should have permitted the amendments, and then treated the bill, so amended, as an original bill, without dismissing the plaintiff, to do again, what she had done, and then and there proposed to do. The bill should have been amended and remanded to rules to have been there properly matured for hearing.

Appellant, in her bill, and her counsel in his brief, fully acquit and exonerate W. W. Brannon, the attorney, who assumed to act for her in the circuit court, from intentional wrong in the premises; but this disavowal on their part is in no way to be taken or treated as a waiver of any of the legal rights of appellant in the cause.

For the reasons stated, we are of opinion that there is error in the said decree of October 28, 1902. We therefore reverse and set the same aside, and remand the cause to the circuit court of Lewis county to be therein further proceeded with, according to the views herein expressed, and further in accordance with the rules and principles governing courts of equity.

*Reversed.*