# CHARLESTON.

ASH *et al v.* LYNCH *et al.*

Submitted June 14, 1912.    Decided March 18; 1913.

1.  EQUITY—*Answer—Time of Filing—Final Decree.*
    A decree appealable as one adjudicating the principles of a cause is final within the meaning of section 53 of chapter 125 of the Code.  (p. 240).

2.  SAME—*Answer—Time of Filing.*
    Although a decree has been pronounced, signed and directed to be entered, an answer may be filed in the cause, if it has not been actually entered in the order book.  (p. 240).

72 W. Va.

3. SAME—*Answer—Time of Filing—Final Decree.*

That, in such case, the defendant prevented entry of the decree by taking it and the papers in the cause from the clerk's office of the court, does not justify rejection of the answer or denial of leave to file it. (p. 240).

4. SAME—*Answer—Sufficiency.*

An answer denying the contract alleged by the bill, not in affirmative or negative terms, but by statement of the same contract with conditions or limitations not mentioned in the bill, is defensive and sufficient, if the truth of its averments would preclude relief sought by the bill. (p. 241).

5. SAME.

Such an answer cannot be rejected for mere omission of admission or denial of other portions of the bill not conclusive of the case. (p. 241)..

(LYNCH, JUDGE, absent).

Appeal from Circuit Court, Harrison County.

Action by Luther C. Ash and others against V. S. Lynch and others. From judgment for plaintiffs, defendants Lynch and Broadwater appeal.

*Reversed and Remanded.*

*Chas. E. Hogg, F. O. Sutton* and *Howard A. Bingaman,* for appellants.

*George M. Hoffheimer,* for appellees.

POFFENBARGER, PRESIDENT:

Rejecting the answer tendered by the defendants and refusing to permit them to file it, on account of delay in the tender thereof and insufficiency in form and substance, the court entered a decree against them, requiring the assignment to the plaintiffs of an undivided one-eighth interest in a certain leasehold estate and a gas well thereon, together with the casing, tubing, pipes and fittings thereof, and further requiring the defendants to pay to the plaintiffs the sum of $2,086.58, which was adjudged to be a lien upon the residue of the leasehold estate, gas well, casing, pipes and fittings, under the Mechanic Lien statute, and ordering a sale of that interest to satisfy the lien in case of default in payment .

Process in the cause had been made returnable to June Rules, 1911. On the 26th day of August, 1911, the plaintiffs executed and delivered to the defendants a written proposal of settlement on the basis of payment of $2,100.00 and the conveyance of the one-eighth interest in the leasehold estate, within thirty days from the date thereof. On the expiration of that time, September 27, 1911, payment not having been made nor the assignment executed, the plaintiffs prepared a decree which the court approved, signed and directed to be entered. On the same day, the defendants withdrew from the clerk's office all the papers in the cause, including the draft of the decree and retained the same in their possession until the 3rd day of October, 1911, at which time they tendered and. asked leave to file their joint and separate answer to the bill, and supported their motion by the affidavit of one of the defendants, setting forth, by way of excuse for delay, the pendency of negotiations for a compromise of the matters in difference. The plaintiffs objected to the filing of the answer and moved the court to reject it, .on the ground of its having been tendered too late, and as being insufficient. They also filed an affidavit denying the statements contained in the one filed on behalf of the defendants. On this issue of fact, the court found for the plaintiffs, rejected the answer and entered the decree.

As the decree is undoubtedly one settling the principles of the cause, it is final within the meaning of the terms of section 53 of chapter 125 of the Code, permitting the defendant to file his answer at any time before final decree. This conclusion is the logical result of principles declared in *Barbour, Steadman & Herod* v. *Tompkins,* 58 W. Va. 572.

As the decree, though pronounced, signed and directed by the court to be entered upon the record, had not actually been entered thereon, when the answer was tendered, the case is governed, in this respect, by the decision in *Bean et al.* v. Simmons, 9 Grat. 389, unless the conduct of the defendants, in taking the papers and decree from the clerk's office and thereby preventing the entry thereof, constitutes ground for an exception from the rule declared therein. It does not, for the reason that the answer might have been tendered on the very day on which the court pronounced the decree, if the other method of pre-

vention of entry had not been adopted. If the answer was insufficient in substance, showing no defense, the court was justified in rejecting it, although tendered before the entry of the decree.

Most of the grounds of objection set forth in the argument here go to the form rather than the substance of the answer, and presumptively were not brought to the attention of the court below, for no exceptions are endorsed on it, nor does the decree show any specification of defects as grounds of objection. The course of procedure in such cases, approved in *Rogers* v. *Verlander,* 30 W. Va. 619, was not observed. Hence objections as to matters of form were waived.

The claim of the plaintiffs asserted by the bill was for compensation for the drilling of a gas well at the price of $1.15 a foot, on account of which they were to take, in part payment, an assignment of a one-eighth interest in the leasehold. To compel this assignment and enforce an alleged mechanics lien upon the leasehold for the residue of the demand, the suit was brought. There was an additional item of $549.50, the value of 785 feet of tubing at 70 cents a foot, which the bill alleges the defendants agreed to pay, in case it should be necessary to leave the tubing in the well, and such necessity is alleged in the bill. The depth of the well is alleged to be 2,406 feet, and the contract provided for the drilling of a well at least 2,500 feet deep, unless oil or gas should be discovered in paying quantities at a lesser depth. Neither denying nor admitting in express terms the entire statement of the bill as to the contract respecting the depth, the answer says the well was to be drilled into the oil and gas sands, or until oil or gas should be discovered in paying quantities, but avers the inability of the respondents to ascertain definitely the depth of the well and calls for full proof as to it. It is argued that, although the answer may contain in other portions thereof matter of defense sufficiently averred, the court could reject it for want of an express admission or denial as to the depth of the well, and the amount of compensation due. Granting, for the purposes of argument the right of plaintiffs' to an express admission or denial as to the depth of the well, the extensive consequences claimed in the brief, do not follow. None of the authorities relied upon for the proposition

go so far. They say such failure as is charged subjects the answer to right of exception, but the exception would not wholly destroy it, if it contains matter of defense sufficiently averred. Such an admission, if unavoidable, would dispense with necessity of proof of the allegation, and the plaintiff is entitled to be so relieved, but failure to deny the allegation relieves from necessity of proof, and thus fully effectuates the plaintiffs' right in that respect.

Admitting an agreement to assign an eighth interest in the leasehold in part payment of the contract price for drilling the well, the answer sets forth as part of the contract a condition or limitation not mentioned in the bill. The bill says the interest in the leasehold was to be taken upon a valuation of $1,000.00. The answer says it was to be taken at a valuation of $1,100.00, if the well should turn out to have a productive capacity of 4,000,000 feet per day or more, and then avers that it has such capacity, and that the plaintiff has declined to receive an assignment at a valuation of $1,100.00. The sufficiency of this averment is challenged, because it does not show when the agreement was made, nor that the defendants were willing to assign at a valuation of $1,100.00, and says disagreement as to this was one reason for not having made the assignment. Fairly read, the averment makes the condition a part of the original contract and substantially states the controversy as to the capacity of the well prevented the assignment. An agreement not to assert a mechanics lien is set up by the answer and also an agreement to allow the defendants a reasonable time in which to sell a portion of the leasehold for sufficient money to pay what should remain due after the application of the value of the one-eighth interest. There is also a denial of liability for the casing accompanied by admission of liability for the use of it at ten cents per lineal foot. As to the claim for casing, the answer admits the portion of the contract, as stated in the bill, but varies from it as to the residue. No affirmative relief is asked. All the matter of the answer is purely defensive and we have no doubt whatever of its sufficiency, though it may be subject to exceptions for formal defects.

With this answer in, no decree should have been entered, because the bill was not sustained by any proof. If its allegations

had been supported by proof, the denial of the answer, had it been filed, would not have prevented a decree, in the absence of good cause shown for a continuance. Upon the bill, answer and general replication, without any evidence, there could not have been a decree for the defendants. The plaintiff could have prevented this by taking a continuance, but the defendants could not have had a continuance, without disclosing good cause therefor, if the plaintiffs had been ready to submit the cause.

For the reasons stated, the decree complained of will be reversed and the cause remanded with leave to the defendants to file their answer.

*Reversed and Remanded.*