# CHARLESTON.

McLANAHAN *et al.* v. MILLS *et als.*

Submitted September 6, 1912.    Decided November 25, 1913.

1. EQUITY—*Bill of Review—Decrees Reviewable.*

   A bill of review is not maintainable pending an appeal from the decree; and after affirmance thereof by an appellate court, such decree is not reviewable in the lower court for alleged error of law or fact apparent. As to such errors the questions are res adjudicata. (p. 251).

2. SAME—*Bill of Review—Grounds—Newly Discovered Evidence.*

   In order to maintain a bill of review for newly discovered evidence pending an appeal therefrom and after affirmance by an appellate court, the evidence relied on must have been discovered after the decree, and could not by due diligence have been discovered beforehand, must be material, not cumulative, and such as ought on another trial produce a different result. (p. 251).

3. ABATEMENT AND REVIVAL—*Actions Against Trustees—Decree.*

   Where pending a suit one of three trustees, made defendants, dies, the suit does not abate, and a decree without the presence of the substituted trustee, when the death of the one dying has not been noted or brought to the attention of the lower court, will not be reversed for error in omission to revive the case against the substituted trustee. (p. 252).

4.  Specific Performance—*Parties Plaintiff—Defects.*

    A decree of specific performance of a contract for land, and directing a deed to plaintiffs as heirs of the vendee, is not void because of the absence as parties of one or more of the heirs of such vendee. In such case those to whom the deed is made would hold the title as trustees for themselves and the other heirs entitled to the benefits of the recovery. (p. 252.)

5.  Equity—*Bill of Review—Right to Amend.*

    It is reversible error in a cause pending on a bill of review properly amendable to deny plaintiffs the right to file an amended and supplemental bill to such bill of review and have the same treated as an original bill in the nature of a bill of review, to impeach a decree for alleged fraud in procuring it. (p. 253.)

    (Poffenbarger, President, and Robinson, Judge, dissenting.)

Appeal from Circuit Court, Mercer County.

Suit by Johnston McLanahan, in his own right and as administrator, etc., and others, against John B. Mills and others. A decree was entered, and an appeal allowed, and plaintiffs thereafter filed their bill of review, to review the decree, and were denied relief.

*Decree on bill of review reversed, and cause remanded; other decree dismissed as improvidently awarded.*

*C. W. Smith,* for appellants.

*B. W. Pendleton* and *Sanders & Crockett,* for appellees.

Miller, Judge:

After the decree of August 31, 1906, pronounced in Mills versus McLanahan, and after an appeal therefrom had been allowed by this court on May 10, 1907, the defendants thereto, plaintiffs here, at November Rules, 1907, filed their bill of review, to review that decree for certain alleged errors of law therein, newly discovered evidence, and alleged want of parties. Afterwards and after pleas and answers had been filed by the defendants to said bill of review, and depositions had been taken and filed in the cause on the issues joined thereon, plaintiffs at April Rules, 1910, filed what they entitled an amended and supplemental bill, and amended and supplemental bill of review, making said original bill of

review and all the depositions and proof taken and filed thereon, parts thereof, and sought to have the same treated as a bill of review or as an original bill in the nature of a bill of review.

In addition to the allegations in said original bill of review it is alleged in said amended and supplemental bill, first, that after adjournment of the term of court next before the filing thereof plaintiffs had discovered among the files in the clerk's office of said court a report made by one George E. Floyd, commissioner in chancery, showing that John R. Dunlap, administrator de bonis non of Robert McCulloch, deceased, had settled his fiduciary accounts before him, and among other things had turned over to William McClellan, his successor in office, a bond of Robert Mills, due December 5, 1867, for $350.00, for land sold by him to said Mills out of a survey of 35,500 acres, and that said Dunlap, administrator, had never sold said Mills any land out of said survey unless it was the 1000 acres involved in said suit; that said report had never been recorded, but was in the hand writing of said commissioner, and a copy whereof was exhibited with said bill: Second, that after said term of court, they had also for the first time discovered that in 1878, defendant C. W. Mills, administrator of the estate of Benjamin Mills, deceased, had instituted suit in chancery in said circuit court against the widow and heirs at law of said Robert Mills, deceased, to sell their lands to satisfy the liens thereon, said Dunlap in his own right, and William McClellan, as administrator of the estate of Robert McCulloch, deceased, being made parties thereto, but the papers in which cause, they allege were missing, except a memorandum of counsel directing process and the orders and decrees made in the cause, copies whereof they also exhibited with the bill: Third, that from the partial record of said cause it appeared that McClellan, administrator, answered that on October 29, 1879, he had recovered from Lydia Mills, administratrix of Robert Mills, deceased, the sum of $620.55; and that a commissioner had been appointed to sell the land sold by Dunlap, administrator, to Robert Mills, on terms prescribed by the decree, which also provided that the sale should not be made until a deed for the land should be made by Dunlap, administrator to Mills,

for the land decreed to be sold, and filed in escrow. in the papers of the cause; that afterwards said commissioner reported that he had made sale, and the sale was confirmed, but that the decree of confirmation did not show to whom the sale was made, nor did it mention the 1000 acre tract, but that the record showed that the only land decreed to be sold was said 1000 acre tract, and that the parol evidence taken in the cause showed that Dunlap had sold no land to Mills, unless it was said tract: Fourth, that at said sale, as a matter of fact, said McClellan, administrator, had bought in the Mills claim, whatever it was, to said 1000 acre tract for the benefit of the McCulloch estate, and that thereby the title thereto had become reinvested in the administrator and heirs at law of said McCulloch: Fifth, and lastly, and as ground for impeaching and setting aside said decree of August 31, 1906, it is alleged, that the defendants, plaintiffs in the suit of Mills against McLanahan, knew, at the time of instituting their suit, that said 1000 acre tract had been so sold as aforesaid, and that by the institution of their suit and procuring the decree of August 31, 1906, they had perpetrated a fraud on plaintiffs as well as on the court, wherefore they prayed that said decree be set aside and nullified, and that the land conveyed to the Mills heirs, pursuant to said decree, be reconveyed to plaintiffs according to their interest therein, and there was also a prayer for general relief.

The present appeal by plaintiffs is from two separate and independent decrees, pronounced on the same day, December 7, 1910, the first on said original bill of review, the second on said amended and supplemental bill in the nature of a bill of review. By the first of said decrees, the court denied the motion of plaintiffs and appellants to treat their said amended and supplemental bill, filed at April Rules, 1910, as amendatory of and supplementary to their original bill of review, filed at November Rules, 1907, and as so amended, to treat the same as an original bill in the nature of a bill of review, and likewise also denied their motion to hear said two causes together. And thereupon, upon said original bill of review, defendants' demurrer thereto, the joint answers of the defendants, John B. Mills and others, the plaintiffs' general replication thereto, and the answer of infant defendants by

their guardian ad litem to the said bill of review, and upon all depositions taken in said cause, and the exception to said depositions by the defendants, the court was of opinion to overrule the exception to said depositions, and was further of opinion and so decreed, that plaintiffs therein were not entitled to the relief prayed for, and that their said bill of review should be dismissed, with costs to defendants, other than the defendant Hugh G. Mills.

By the decree on said amended and supplemental bill, the same motions made by plaintiffs and appellants in the first cause were renewed and overruled, the court being of opinion that the two causes on the said original bill of review, and on said amended and supplemental bill, should be heard and determined separately, and that the plaintiffs in the latter bill should be permitted to further prosecute the same as an original bill, but in no wise to be considered or treated as amendatory of and supplementary to said original bill of review.

Whereupon on the motion of the adult defendants, other than Hugh G. Mills, leave was given them to file their joint demurrer and answer thereto, which demurrer and answer was filed, with general replication of the plaintiffs thereto, and there was answer thereto also by the guardian ad litem for the infant defendants, with general replication by the plaintiffs thereto, and according to this decree the only other action of the court in said cause was, that a decision on the said demurrer be continued until a final hearing of the cause. Of course this was not a final decree, from which an appeal would lie, and the appeal from that decree will necessarily have to be dismissed as improvidently awarded, and it will be so ordered.

The only questions presented for decision, therefore, are those which properly arise on the final decree in the first cause. First, did the court err in denying plaintiffs relief on their original bill of review? As already noted that bill was fully matured for hearing on bill, answer and proof. Were plaintiffs entitled to any relief on that bill, treated as a pure bill of review? We do not think they were. Indeed we do not think appellants rely greatly, if at all, on any supposed errors depending upon that bill. They are relying

upon the new matter of the bill entitled an amended and supplemental bill. The material allegations of the original bill of review were all put in issue by the answers.

The errors of law pointed out in the original bill of review were, first, that it appeared that plaintiffs' claim was stale and barred by the statute of limitations; second, that the land decreed to be conveyed was not the same land sold by Dunlap to Robert Mills. These grounds are unavailable, first, because at the time the bill of review was filed the case was then pending in this court on appeal. *Dunfee* v. *Childs,* 59 W. Va. 225, syl. 2; 3 Ency. Law and Pract. 573; second, for the reason that since then that decree has been affirmed by this court, and is not now reviewable for error of law. It is now *res adjudicata* as to all matter of law apparent. *Sewing Machine Co.* v. *Dunbar,* 32 W. Va. 335; *Dunfee* v. *Childs, supra;* Story's Eq. Pl., section 418; 3 Ency. Law and Pract., 574 and notes; 16 Cyc. 518, 519. Another reason for denying the second ground is that it involves an alleged error of fact. Such an error is available on appeal but not by bill of review. *Wroten's Assignee* v. *Armat,* 31 Grat. 260. Having once had a review of a decree for errors of law and fact by the highest appellate court, we know of no rule or precedent justifying a bill of review for re-examination of the decree for the same alleged errors.

Second, newly discovered evidence. According to the authorities just cited a bill of review does lie for newly discovered evidence, pending appeal or after affirmance of a decree, within certain specified limitations. As generally stated, the rule is, that the evidence must have been discovered after the decree was pronounced and affirmed, could not have been discovered beforehand by the exercise of due diligence, must be material, not cumulative, and ought on another trial produce a different result. *Campbell.* v. *Campbell,* 22 Grat. 674; *Snyder* v. *Construction Co.,* 52 W. Va. 655, and cases cited. Measured by the several components of this rule, let us consider the newly discovered evidence alleged and relied on. First, that the decree was pronounced in the absence of Joseph P. McKeehan, one of the trustees, under the will of Johnston Moore, substituted in place of Robert M. Henderson, trustee, deceased. His co-trustees named in the will were

Euphemia P., Marcia P., and Emma P. Moore. All were parties to the bill, Henderson dying pendente lite: Second, that since the decree plaintiffs had discovered that two sisters of defendant Hugh G. Mills had not been made parties to the suit: Third, that plaintiffs had discovered that plaintiffs in the original bill were not the heirs of Robert Mills: Fourth, that Hugh G. Mills had never been placed in possession of the 1000 acre tract by Dunlap, administrator, and had not taken or held possession under said Robert Mills.

Assuming all these matters to be true, and in fact discovered by plaintiffs after the decree complained of was pronounced, there is a total absence of allegation that they could not have been discovered by reasonable diligence before the decree was enrolled. This is a fatal defect in the bill.

But regardless of this defect, what about the materiality of the facts alleged? First, as to the absence of Joseph P. McKeehan, trustee. He was a substituted trustee for Henderson, who had died pending the suit; second, he was but one of three trustees, the others who were also beneficiaries under the trust, were parties to the suit. The suit did not abate by the death of one of the trustees. All interests were before the court. 22 Ency. Pl. & Pract. 192; 1 Cyc. pp. 74, 75. It does not appear, from the record so far as we can see, and it is not alleged, that the death of Henderson, trustee, was ever before decree, or at any time, suggested on the record, and we do not think the absence of the substituted trustee in any way vitiated or rendered void the decree complained of. That decree was affirmed here, without the point being made, if it could have been made in the appellate court.

Was the absence of the sisters of Hugh G. Mills fatal to the decree? We answer, No, for if they are entitled to interests in the land decreed to be conveyed to other children and heirs those to whom the deed was decreed would be holding afterwards as trustee for themselves and others entitled to share in the recovery.

The other grounds, namely, that plaintiffs were not the heirs of Robert Mills, and that Hugh G. Mills had never been placed in possession by Dunlap, administrator, were all questions of fact put in issue, and tried and determined by the decree sought to be reviewed, and there is nothing in the

record of the evidence taken on the bill of review showing any evidence on these controverted facts that by even ordinary diligence could not have been discovered before that decree was pronounced. The manner of the alleged discovery of new evidence and by whom shows this, and furnished no ground for letting defendants in on the bill of review based on this ground.

But did the court below err in denying plaintiffs the right to file their amended and supplemental bill as an original bill in the nature of a bill of review? We are of opinion that it did. The matter of the amended bill, including the fraud charged, if sustained, called for relief. This the court below practically conceded, by entering the order therein, complained of on this appeal. *Evans* v. *Spurgin,* 11 Grat. 615; *Byrne* v. *Edmonds,* 23 Grat. 200; *Clark* v. *Sayers,* 48 W. Va. 33; *Plant* v. *Humphries,* 66 W. Va. 88; *Walker* v. *Ruffner,* 32 W. Va. 297; *Bill* v. *Schilling,* 39 W. Va. 108; *Law* v. *Law,* 55 W. Va. 4.

But we are of opinion that plaintiffs under rules of practice recognized and adopted by this court had the right to file that bill as proposed in the present cause. The case of *Law* v. *Law, supra,* is a direct precedent for the concrete case here presented. It applies the general rule, affirmed in other decisions, that courts of equity will regard substance rather than form and will treat a pleading for what it really is in substance, regardless of the name it bears on its face, and dispose of it accordingly. *Sturm* v. *Fleming,* 22 W. Va. 404; *Riggs* v. *Armstrong,* 23 W. Va. 760; *Cunningham* v. *Hedrick, Id.* 579; *Skaggs* v. *Mann,* 46 W. Va. 209. The only ground that could be possibly urged for denying plaintiffs this right is that the original bill of review was not susceptible of the proposed amendment. Point 2 of the syllabus in *Law* v. *Law, supra,* relied on, seems to limit the right to cases where the "bill can be so amended as to make it a bill, sufficient in substance for the purpose sought." The object of the original bill of review, as was that of the amended bill, was to set aside the decree of August 31, 1906. After all evidence was taken it was found, we may say, that the case on the original bill was not made out, but facts were brought out in evidence regarding the new matter of the amended bill, rendering the amendment neces-

sary. The fact that the first bill may have failed for sufficient matter, or adequate proof of matter already well pleaded, did not render it unamendable, so as to present a good case for relief. It could be amended by bringing in new matters existing, but not known to plaintiffs at the time of filing the original bill.

What disposition then should be made of the cause here? The only appealable decree before us is the one denying relief on the bill of review, and denying plaintiffs leave to file the amended and supplemental bill as proposed. We see from the order in the other cause, that defendants appeared and demurred and filed their answers, and that the court reserved the questions arising on the demurrer until the final hearing of the cause. So there was no demurrer or answer nor any issues made up or proofs taken thereon as a bill in this cause. We can do nothing therefore except to reverse the decree below in this cause, and remand the same to the circuit court for further proceedings to be had therein according to the principles enunciated and directions given herein, and it will be so ordered.

*Decree on bill of review reversed and cause remanded; other decree dismissed as improvidently awarded.*

Poffenbarger, President, *(dissenting):*

Part of the matter of the amended and supplemental bill was suitable and available for amendment of the bill of review, and the residue thereof was not. The allegation of fraud in the procurement of the decree of Aug. 31, 1906, is not proper matter of amendment. Though related to the subject matter of the original bill and the bill of review, it states an entirely new and distinct cause of action. Its purpose is to impeach the decree upon grounds not set up in the original bill or the bill of review. The bill of review sought reversal of the decree on two grounds: error of law apparent on the face of the record, and newly discovered evidence on the issue made up by the original pleadings. These are the only grounds upon which a final decree can be affected by a bill of review. It cannot introduce or tender any new issues or bring in any new matter except new evidence. "It is not allowable in a

bill of review to allege matters by way of amendment or sup-
plement to the original bill which will have a tendency to
create new issues. Such a course would be foreign to the
object of a bill of review.'' *Snyder* v. *Botkin*, 37 W. Va. 355.
In that case, Judge English expressed the proposition well
and truly when he said: ''I do not understand the law to
be that a bill of review can operate as an amendment of the
original bill.'' Upon this point, the authorities are not uni-
form. See Story's Eq. Pl., sec. 415, and long note reviewing
them. Lord Eldon in *Young* v. *Keighly*, 16 Ves. Jr. 348, held
that new matter must be new evidence on the old issues.
Chancellor Kent held the same opinion. *Livingston* v. *Hubbs*,
3 Johns. Ch. (N. Y.) 124. In this Court, the rule has been
firmly settled in accordance with their views. In addition to
*Snyder* v. *Botkin*, see *Manion* v. *Fahy*, 11 W. Va. 482. There
is no conflict between that case and *Law* v. *Law*, 55 W. Va. 4.
The amended bill of review in each of those cases was treated,
after amendment, as an original bill. In the latter, the court
below, treating it as an amended bill of review for new matter,
refused to allow it to be filed at all. This Court declared its
action erroneous, saying it was no longer a bill of review, but
an original bill, filable without leave of the court below
because it was an original bill. A bill of review for new
evidence cannot be filed without leave of the trial court. The
case thus decides most emphatically that a bill setting up
matter, not originally in issue, is not a bill of review, and
that such matter is not pleadable in such a bill. Refusal of
the court below to allow the amended bill to be filed at all, as
any kind of a bill, was the occasion of the appeal. This Court
said on the appeal, no leave of the trial court to file it was
necessary, as it was in substance an original bill and not a
bill of review.

Though an original bill, it partook of the nature of a bill of
review, as did the bill in *Manion* v. *Fahy*, because its purpose
was the setting aside of a decree. But it was unlike a bill of
review in this, that it impeached the decree for matter not in
the body of the record actually, as error on its face, or
potentially, as new evidence admissible on the old issues, but
matter *dehors* the record. Fraud in the procurement of a
decree is such new matter. Of course there was no allegation

of it in the original pleadings, and its perpetration was not an issue in the original cause. It constitutes a new cause of action. In *Manion* v. *Fahy,* the Court said: "If a decree has been procured by fraud, discovered after the decree is entered but before it is enrolled, the proper mode of correcting it by the English practice is neither by a petition for a rehearing nor by a supplemental bill, in the nature of a bill of review, but the correction must be asked by an original bill in the nature of a bill of review.  *  *  *  Where a final decree has been procured by fraud, it should be annulled or modified, not by a bill of review proper, but by an original bill, or by a bill in the nature of a bill of review."

The distinction should be respected because the difference in results are very great. A bill of review is a proceeding for correction of errors and does not re-open the whole case. The old issues only are involved, whether of law or fact. When the latter are involved, the new evidence must be decisive and it must appear that the failure to introduce it before entry of the decree was not due to lack of diligence. If it was, no relief can be granted, however decisive it may be in character. On an original bill in the nature of a bill of review, the evidence goes in as upon any other original bill. The issue is a new and independent one, not governed or controlled in any respect by the former decree, and, if the decree is set aside on the new issue the whole case is re-opened.

"The reason why a final decree procured by fraud cannot be reversed on a bill of review which constitutes a continuance of the old cause, but the decree must be set aside by a new suit, would seem to be this: a bill of review which opens the final decree is allowed on a newly discovered fact which affects the merits of the case set out in the bill and proceedings, and which ought therefore to be heard in finally disposing of the case. But facts, which establish fraud in procuring the final decree, have no effect whatever on the cause of action set forth in the bill and proceedings, and if the decree was opened, then facts establishing fraud would not be considered in entering up the new decree, but the new decree would be entered up on the pleading and evidence which were in the cause, when the decree assailed was made. The setting aside of a final decree, thus procured by fraud, would seem to be the proper

subject for a new suit, having no connection with the real merits of the original suit.'' *Manion* v. *Fahy,* 11 W. Va. 482, 494.

The record and papers discovered, since the entry of the decree, as related in the amended and supplemental bill, and the concealment thereof are proper matter for the bill of review and could be added to it by way of amendment. The record and papers are new evidence on the old issues, and the concealment is a sufficient excuse for not having put them in on the issues before decree. The same matter can be used to prove fraud in the procurement of the decree, but it constitutes a different cause of action, raises a new issue, and must be the subject of an original bill.

As this matter was pleaded in the so-called amended and supplemental bill as fraud and ground for setting aside the decree, Judge Robinson and I think the court properly refused to allow that bill to be treated as an amendment of the bill of review. This Court now reverses the decree dismissing the bill of review, because the court below refused to treat the later bill as an amendment of the former. We think its action was right in denying it the character of an amendment. There was no denial of right to relief on the new matter. The court allowed the new bill to stand as an original bill. The effect of the reversal is to open up all of the old issues, and try the cause over again. As the trial court decree left cause, there was but one issue left open, for the time being, namely, whether the decree was procured by fraud, and that is all that should be open now.

In so far as the decision now rendered reverses the decree dismissing the bill of review, Judge Robinson and I dissent for the reasons here given.