SALLIE V. WELDON *v.* RUBY O. CALLISON

(No. 8579)

Submitted September 29, 1937. Decided October 19, 1937.

*S. M. Austin* and *W. C. Revercomb,* for appellant.
*H. L. Van Sickler,* for appellee Sallie V. Weldon.

RILEY, JUDGE:

This is a suit by Sallie V. Weldon against her two sisters, Alline Burns and Grace Parker, and mother, Ruby O. Callison, widow of E. F. Callison, deceased, for partition of, and allotment of dower in, lands of which plaintiff's father, E. F. Callison, intestate, is alleged to have been seized at the time of his death. From a decree sustaining demurrers to her answer and her bill of review, respectively, and in denying relief sought in such pleadings, Ruby O. Callison appeals.

On May 5, 1936, the cause, which had been regularly matured, was heard on plaintiff's bill of complaint and process served on the defendants. The bill of complaint having been taken for confessed as to all of said defendants, the court ordered a division and partition of the lands mentioned and described in the said bill of complaint, and appointed commissioners to go upon the land and partition it.

On July 9, 1936, after the adjournment of the term at which the decree *pro confesso* was pronounced, the defendant, Ruby O. Callison, appellant herein, lodged an answer in the clerk's office praying that the decree be set aside and held for naught in so far as it purported to set out the amount of real estate owned by E. F. Callison at the time of his death. The answer averred that in 1926 appellant had purchased her husband's one-half interest in the "Home Place", and forty-two acres in the other tract, both described in the bill of complaint as belonging to E. F. Callison at the time of his death, although her said deed had not been recorded until after the commissioners had given notice that they were going upon the land to make partition; that prior to the entry of said decree *pro confesso* negotiations were being made in an effort to reach an agreement between the daughters as heirs at law and said appellant; that said appellant "was under the impression and led to believe that her three daughters were still negotiating an agreement as to the

division of the real estate" with her; "that she was under this impression until notice was served upon her" by said commissioners as aforesaid; that upon finding that there would be no agreement, she consulted a lawyer as to her rights in the matter, and then, for the first time, was acquainted with the claim of plaintiff in the cause that E. F. Callison had an interest in the land which appellant claimed under her unrecorded deed.

The court, on December 9, 1936, confirmed the commissioners' report of partition, which had been filed in the office of the clerk on August 11th. In addition to the foregoing the decree of December 9, 1936, recited that the answer (theretofore lodged with the clerk on July 9th) was permitted, over objection, to be filed; that a demurrer, charging that said answer had been filed too late, was interposed and later sustained; that, thereupon, appellant presented and was permitted, over objection, to file a paper denominated "bill of review", and a demurrer to this last-named pleading was sustained.

The bill of review sets forth the proceedings, including the decree of May 5th, and appellant's answer, and avers, in part, that "it was understood" and "she was led to understand and believe" that any division of the land described in the bill of complaint "would be subject to the conveyance to her" by her husband in 1926; that the deed had been ignored by said decree, and that she did not know of its entry until sometime thereafter; that "she did not know that her interest * * * had been excepted from said land as set out in the said decree as belonging to the said E. F. Callison, and of which he died seized"; that upon being informed of such fact, she appeared by her attorney, before the commissioners and advised them that she had placed said deed of 1926 of record; that plaintiff and her two sisters "knew" that appellant "had said deed", even though the same had not been recorded; that the decree of May 5th was erroneous and should be reviewed, reversed and set aside for the reason that a part of the land therein directed to be partitioned was the property of appellant, and not a part of the estate left by E. F. Callison, deceased; that such facts were known to the plaintiff and other defendants in the suit; and

prayed that the said plaintiff and two other defendants be required to answer said bill of review; that the proceedings be reviewed and reversed, and for general relief.

The appellant having filed her answer after the expiration of the term at which the decree of May 5, 1936, was entered, the first question which presents itself on this appeal is whether or not said decree was final within the meaning of Code, 56-4-57. If the decree is final, the trial court did not err in sustaining the demurrer to the answer. If, on the other hand, it is not, the demurrer should have been overruled. The statute reads, in part, as follows:

> "A defendant may file his answer at any time before final decree, unless required to file it sooner under section fifty-six of this article, or by a proper rule of court under section four, article one, chapter fifty-one of this Code; * * *."

What then, is a final decree within the meaning of this section? Clearly, it is a decree which adjudicates the principles of the cause and determines the substantial merits of the controversy. It need not be the last decree rendered. It is, nevertheless, final within the meaning of this section, though there remain things to be done under it. *Richmond* v. *Richmond,* 62 W. Va. 206, 57 S. E. 736; *Barbour, Stedman and Herod* v *Tompkins,* 58 W. Va. 572, 52 S. E. 707, 3 L. R. A. (N. S.) 715; *Hill, Admr.,* v. *Cronin et al.,* 56 W. Va. 174, 49 S. E. 132; *Ash* v. *Lynch,* 72 W. Va. 238, 78 S. E. 365. The decree in question adjudicated that E. F. Callison died seized and possessed of the real estate described in the bill of complaint; that there are no liens or encumbrances against said real estate; that no dower had been assigned to the appellant, Ruby O. Callison; that the plaintiff, Sallie V. Weldon, and the defendants, Alline Burns and Grace Parker, are the sole heirs at law of the decedent; and that this is a proper case in which a division and partition of the land should be made among the heirs and dower assigned to the widow. Commissioners were named therein and directed to divide the land among the decedent's three daughters, and assign

dower to the appellant. In *Richmond* v. *Richmond, supra,* which was a partition proceeding, this Court held that a decree, such as we have here, "adjudicates the principles of the cause and contains every element necessary to render it appealable." In the light of this authority, and what we regard to be the well established equity practice in this state, we think the circuit court did not err in sustaining the demurrer to the appellant's answer.

But appellant did not stop with the filing of her answer; she filed a bill of review. The circuit court having sustained the demurrer to the bill of review, the question arises as to whether relief is available to the appellant through this medium. Time and again bills of review have been resorted to in the chancery practice in West Virginia. By decision after decision, their use has become crystalized in our chancery practice. That use, however, is limited to two classes of cases: first, where there is error appearing on the face of the record; and second, where, after final decree, there is discovery of new evidence, which could not previously have been discovered through the exercise of due diligence. Carlin's Hogg's Eq. Pro., Vol. 1, sec. 228; Barton's Chancery Prac. (3rd Ed.), Vol. 1, 306; Sands, Suit in Equity (2d Ed.), 695; *McLanahan et al.* v. *Mills et al.,* 73 W. Va. 246, 80 S. E. 351; *Richmond* v. *Richmond, supra*; *Smith* v. *Rucker,* 95 Ark. 517, 129 S. W. 1079, 30 L. R. A. (N. S.) 1030, and cases cited in note.

In the light of these well established rules, let us examine this bill of review. It is clear there was no error on the face of the record. From the service of process upon the appellant to the entry of the decree of May 5, 1936, the record is clear of all error. Nor can it be said that there was newly discovered evidence which, by the exercise of due diligence, the appellant could not have discovered. The deed was executed and delivered to her in 1926. She was duly served with process. It only became necessary for her to have recorded her deed before the bringing of the suit, or to have made an appearance on the day the decree complained of was entered and by answer set up her claim to the property as contained in this deed. In either event, her rights would have been

fully protected. Not having done these things and having no resort to newly discovered evidence, her remedy does not lie in a bill of review.

There are other reasons why a bill of review was not available to the appellant. In the first place, the decree in question was a decree *pro confesso*. It is well established that a bill of review will not lie to a consent decree. Carlin's Hogg's Eq. Pro., Vol. 1, sec. 226; *Manion* v. *Fahy*, 11 W. Va. 482; *Stewart* v. *Stewart*, 40 W. Va. 65, 20 S. E. 862; *Prince's Admr.* v. *McLemore*, 108 Va. 269, 61 S. E. 802; *McGraw* v. *Trader's National Bank*, 64 W .Va. 509, 518, 63 S. E. 398. And by analogy, this Court has held that the same rule should apply in a case of a decree *pro confesso*. *Camden* v. *Ferrell*, 50 W. Va. 119, 40 S. E. 368; *Barbour, Stedman and Herod* v. *Tompkins, supra.* Moreover, a bill of review will not lie for fraud or mistake. *Law* v. *Law*, 55 W. Va. 4, 46 S. E. 697; *Manion* v. *Fahy, supra.* The reason stated by Judge Green in the last-mentioned case is that a bill of review admits as true the allegations contained in the bill of complaint. A bill of review lies on the record. Fraud or mistake are matters extraneous to the record. The sound and well established equity practice in this state compels us to say that the appellant can find no relief on the basis of her bill of review. For us to hold otherwise would unduly disturb our equity practice.

But is the appellant without relief? We think not. Naturally, she had the right to rely upon her daughters to protect her interest in their deceased father's real estate. The very relationship between this mother and her daughter, Sallie V. Weldon, naturally would lull the former into a sense of security which, in the instant case, worked to her detriment. Appellant was not learned in the law. We do not know, of course, whether she regarded her deed as having any effect. We do know, however, that though the deed was made in 1926, before the enactment of the new Code, and without any intermediate party between her husband and herself, she became vested with an equitable title which would have been protected in this suit in equity had it been recorded at the time the

suit was instituted. *Hunter* v. *Strider's Admx.*, 41 W. Va. 321, 23 S. E. 567; *McKenzie* v. *Ohio River R. Co.*, 27 W. Va. 306; *Bartlett* v. *Petty*, 93 W. Va. 608, 612, 117 S. E. 551. In view of the circumstances of this case, we are of the opinion that, though a bill of review will not lie, the appellant is entitled to relief in a court of equity. Clearly, a court of equity should exercise every reasonable effort to protect a party litigant in the position of the appellant. We think that Mrs. Callison should have proceeded in the first instance by instituting an original suit to set aside the decree in question. We note that the bill of review alleges that her daughter knew of the 1926 deed at the time the partition suit was brought. If, as a matter of fact, Mrs. Weldon knew of this deed and proceeded to partition the property without setting up her mother's interest in the real estate, such action on her part constituted a misrepresentation to the circuit court and was in the nature of a fraud on that court. Under these circumstances, the circuit court *ex mero motu* should have regarded this bill of review as an original bill and remanded the case to rules with leave on the part of the appellant to make such amendment as may be necessary to comply with the conventional rules governing original bills. *Law* v. *Law, supra*; *McLanahan* v. *Mills et al., supra*, p. 253 of 73 W. Va.; *State* v. *Duquesne Coal Co.*, 92 W. Va. 430, 435, 114 S. E. 797. This case is therefore reversed and remanded to the trial court for further proceedings in accordance with the principles announced in this opinion.

*Reversed and remanded.*