# CHARLESTON.

SILMAN v. STUMP *et al.*

Submitted January 12, 1900.—Decided March 31, 1900.

BILL OF REVIEW—*Appearance—Demurrer*.

> A petition filed by a widow on behalf of herself and infant children, alleging that their property has been sold and sacrificed under decrees deceitfully obtained by a creditor of the deceased husband and father, should be treated as an original bill in the nature of a bill of review, and should be properly matured before being finally heard; and it is error to dispose of the same adversely on mere *ex parte* affidavits, without appearance thereto, except by a disinterested party who demurs, and thereby admits the truth of the allegations of such petition. (p. 643).

Appeal from Circuit Court, Kanawha County.

Suit by Peter Silman against J. L. Stump and others. Judgment decrees for plaintiff, and defendant, Mattie A. Savage, appeals.

*Reversed.*

W. S. LAIDLEY and T. S. CLARK, for appellant.

J. F. CORK, and WATTS & ASHBY, for appellee.

DENT, JUDGE:

Mrs. Mattie A. Savage appeals from four several decrees of the circuit court of Kanawha County in the case of Peter Silman, administrator, against J. L. Stump and others. This is a suit instituted by Peter Silman, administrator of James R. Savage, deceased, against the widow, heirs, and creditors of said decedent, to subject his real estate, consisting of a house and lot, to the payment of his debts. The suit appears to have been matured regularly. Guardian *ad litem* was appointed for the infant defendants. An answer was filed for the appellant admitting the debt of J. L. Stump, and asking that her dower be set aside to her in money. The other adult defendants answer, and a reference is had to a commissioner, who makes his report. No exceptions thereto, and the report is confirmed. A decree for sale is entered. The property is sold, sale reported, and confirmed without exception. The Glen Elk Company debt is sustained by the deed of trust, and is admitted by the appellant. The Stump debt is admitted to be correct by the appellant, and is sustained by Stump's evidence, the only two persons having knowledge of its justness. In absence of contest over them, the evidence in support of each is sufficient to establish at least a *prima facie* case. These are the only two debts presented. The appellant having agreed to take her dower in money, the court could not determinle the same until sale of the property. She was not entitled to dower as against the purchase money, nor the costs made necessary to enforce the same. Costs partake of the nature of the debt in behalf of which they accrue. She is entitled to dower against the Stump debt and the costs made necessary to enforce the same. The dower in the case arising from the sale of the land is not of sufficient money value to give this Court

jurisdiction. Nor could the Court review the errors in the taxation and allowance of costs for the same reason. There is no error prejudicial to the appellant in any of the decrees entered prior to the filing of her petition of which this Court has jurisdiction. The only questions of error, then, of which this Court has jurisdiction. arise on this petition, which must be regarded as an original bill in the nature of a bill of review. *Springston* v. *Morris*, 34 S. E. 766. While no parties are formally made to this bill, which is the better practice, yet the plaintiff and defendants in the original bill, and the purchaser of the property, all of whom are necessary parties thereto, are named therein; and, if they did not appear without, should have been summoned to answer the same. This bill, although not stating so succinctly, appears to have been filed by the appellant in behalf of herself and as next friend for her infant children for the purpose of securing their rights in the property in controversy. This she had the right to do. Among other things, she alleges that she authorized no one to appear and file an answer for her in said suit, but such answer was filed without her consent or authority; that "the Glen Elk Company informed her that they had brought no suit, and did not wish to enforce their claim, but would give her all the time desired; and Dr. Stump told her that he would not force the property to sale, but would get in condition that when she found a purchaser the court could sell and confirm the sale and make a title; that she has been offered six hundred dollars for the property, and files affidavits herewith showing it to be worth eight hundred dollars, etc; that she never appeared before the commissioner making the report, nor did she know of the property being advertised for sale, and when she heard of it she went to Dr. Stump, and reminded him of his promise not to sell the same, and he said he would attend to it, and notify her, and he never notified her of anything, and when she heard it had been sold she went to Mr. H. B. Smith, and he said he would notify her of the time to go before the court to have the sale set aside, and she received a letter from him dated October 28, 1896, saying the report had been offered to the court, 'and for me and my attorney to go at once to

file objections,' etc., 'when I immediately went the same day, and there was no court in session, and I learned afterwards that the sale had been confirmed more than a week from this date; so that by the promises of both parties your petitioner has been deprived of making objections to the progress of the. cause and the disposition of her property.'" There was no appearance to this petition except by the plaintiff, who demurred thereto. No process was issued thereon. The circuit court, after making an order allowing a small sum for dower out of an alleged excess, and applying it to rent, refused the relief prayed in the petition, and thereby virtually sustained the demurrer thereto, although such demurrer admits the allegations aforesaid. The property had sold for three hundred and sixty dollars. The demurrer admits it to be worth eight hundred dollars, and that the petitioner was prevented from making defense in the suit by the conduct and promises of the real plaintiff, to wit, J. L. Stump, in whose interest the suit was brought and prosecuted; and thus preventing her from attending the sale, and bidding on the property, or preventing its confirmation. The petition further alleges that the property would rent for sufficient in five years to pay the indebtedness thereon, or that it could be so partitioned that a part thereof could either be laid off for her dower, or sold for sufficient to pay the indebtedness. These allegations are admitted to be true by the demurrer. No answers are filed, but four affidavits are improperly received and considered by the court to controvert the value of the property as admitted by the demurrer of one of the affiants. The offer made by the purchaser to the widow to take four hundred dollars cash for the property must be regarded as a mere bluff, as he well knew she had not the cash, and twenty-four dollars and thirty-four cents had already been taken off of her for alleged rent. However this may be, the court should have treated her petition as an original bill in the nature of a bill of review, and, if the proper parties thereto declined to appear and answer without, process should have been issued and served upon them. If she and her children have been unjustly deprived of their property by deceitful representations of the creditor for whose debt it was be-

ing sold, it should be restored to them, and, if not, the parties in interest could have easily made this plain by proper pleadings and proofs according to the practice, principles, and rules of equity. It is the peculiar province of a court of equity to protect those who are helpless, and unlearned in the law, from the greedy machinations and deceitful practices of others; and a widow ought not to be denied her just dues through fear that through her oft-repeated coming she may be troublesome. The decree of the 3d day of May, 1897, is reversed, and this cause is remanded to the circuit court, with direction to mature the petition of the appellant treated as an original bill in the nature of a bill of review for a hearing, and to further dispose of the same according to the rules and principles governing courts of equity; and that Peter Silman, the appellee, personally pay the costs of this appeal, his defense of this petition being a violation of his duty to protect and preserve the estate of his decedent.

*Reversed.*