8773

## PURDY v. WESTERN UNION TELEGRAPH CO.

### (80 S. E. 459.)

TELEGRAPH COMPANY. DISCLOSURE OF MESSAGE. PUNITIVE DAMAGES.

The disclosure by a telegraph operator of the contents of a message addressed to plaintiff, with reference to rates of premium charged by a surety company on the bonds of a public officer, does not justify the imposition of punitive damages on the telegraph company, there being a total absence of testimony showing the disclosure to be wilful.

Before SHIPP, J., Ridgeland, May, 1913.   Affirmed.

This is an action brought by H. Klugh Purdy, plaintiff, against the defendant, Western Union Telegraph Co., for twenty-five hundred dollars punitive damages on account of an alleged wilful and wanton disclosure of the contents of a certain telegram sent plaintiff by the National Surety Co., with reference to its rates on the bond of certain public officers. The case went to the jury only on the question of punitive damages and the jury returned a verdict for eight hundred dollars.

A motion for new trial was made upon two grounds: first, because the verdict of the jury for eight hundred dollars is grossly excessive; and, second, because there was no evidence of wanton, wilful or intentional wrong on the part of defendant or its agents or any evidence which would warrant a verdict for punitive damages, and the evidence at most would support only a verdict for nominal damages.

The case was tried and the motion argued on May 16th, 1913, and on July 18th, 1913, Hon. S. W. G. Shipp, presiding Judge, filed an order granting the new trial upon the ground that there was no testimony warranting punitive damages.

From the order granting a new trial the plaintiff appeals.

*Mr. L. A. Hutson,* for appellant, cites: *Whether the inference of wilfulness should have been drawn from the testimony was for the jury:* 88 S. C. 14; 91 S. C. 75.

*Messrs. Nelson, Nelson & Gettys,* for respondent, cite: Code, sec. 2725-2730; 84 Miss. 280; 62 S. C. 270.

April 28, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant thus states his case:

"The testimony in this case shows that a telegram was sent from New York by the National Surety Company to H. Klugh Purdy, its agent at Ridgeland, S. C., reading as follows:

" 'Necessary to maintain manual rates on all public business.' That H. Klugh Purdy was not in Ridgeland when the said message was received, but had instructed said agent at Ridgeland to forward said message to Verdery, S. C., which said agent did.

"That said agent delivered the above stated message to John P. Wise, who was agent for a competing bonding company, and to H. H. Porter without the consent of the sender or addressee and that the contents of said message was generally known in Ridgeland when the addressee was at Verdery, S. C., two hundred miles away.

"The only question in this appeal is whether his Honor erred in granting a new trial on the ground that there was a total absence of testimony to show wilfulness."

The Circuit Judge was right. There was a total absence of testimony to show wilfulness.

The appeal is dismissed.