# CHARLESTON

## McGraw v. Rohrbough *et al.*

### Submitted March 10, 1914.   Decided May 5, 1914.

1. TAXATION—*Tax Sale—Time for Redemption—Purchase by State.*
   Land purchased by the State at a delinquent tax sale can not be redeemed after one year from the sale, except pending a school commissioner's proceeding as provided in Sec. 17, Ch. 105, serial section 449, Code 1913.   (p. 287).

2. SAME.
   There is no saving, in favor of persons under disability, of the right to redeem lands purchased by the State. Sec. 30, Ch. 31, serial section 1089, Code 1913, applies to delinquent tax purchases by private persons, and not to purchases made by the State.   (p. 287).

3. LIMITATION OF ACTIONS—*Operation of Statute—Persons Under Disability.*
   Limitations run against persons under disability unless there is an express saving in the statute in their favor.   (p. 287).

4. TAXATION—*Tax Sale—Time for Redemption.*
   There is no provision for redeeming land after it has been sold in a school commissioner's proceeding, and no saving in chapter 105 of the Code in favor of persons under disability.   (p. 287).

5. SAME—*Land Acquired by State—School Commissioner's Proceedings to Sell—Parties.*
   Failure to make the former owner a party to a school commissioner's proceeding to sell land to which the State has acquired title does not avoid the sale, but only constitutes an irregularity which is cured by Sec. 19, Ch. 105, serial section 4451, Code 1913. (p. 288).

Appeal from Circuit Court, Randolph County.

Suit by John T. McGraw, Jr., an infant, etc., against M.

M. Rohrbough and others. From decree for plaintiff, defendants appeal.

*Reversed and bill dismissed.*

*W. B. Maxwell, Le Roy See* and *J. M. N. Downes,* for appellants.

*Samuel T. Spears* and *Shelton L. Reger,* for appellee.

Williams, Judge:

Defendants have appealed from a decree cancelling a deed for 600 acres of land in Randolph county made by a special commissioner in a school commissioner's proceeding, and also cancelling subsequent deeds made by the purchaser to other persons, as constituting clouds upon plaintiff's title.

Plaintiff claims the land as sole heir at law of James F. McGraw, deceased, and insists that he has a right to redeem on the ground that he was an infant when the sale was made and was not represented in the school commissioner's proceeding by guardian ad litem. He was still an infant when he brought this suit by next friend. Plaintiff's father owned the land in 1891, and was assessed with taxes thereon for that year. On the 6th December, 1891, his father died, and the land was assessed in 1892 and 1893 in the name of John T. McGraw. In 1893 it was sold for non-payment of taxes for 1891 in name of James T. McGraw and was purchased by the State, and on the same day was again sold for non-payment of taxes for the year 1892 in the name of John T. McGraw and purchased by the State. It was again sold on 26th November, 1895, for non-payment of taxes for the year 1893, in the name of John T. McGraw and again purchased by the State. Thereafter it did not appear on the land books either in the name of James F. McGraw's heirs or in the name of John T. McGraw. In a proceeding instituted in 1896 by W. E. Baker, commissioner of school lands, against a number of tracts of land, the land in question was sold as forfeited to the State in the name of John T. McGraw, pursuant to a decree therein rendered on the 14th May, 1898, and was purchased by C. W. Maxwell. The sale was confirmed 26th October, 1899, and Stark L. Baker was appointed a special com-

missioner to make deed. He and C. W. Maxwell, by joint deed dated the 29th November, 1899, conveyed the land to S. A. George. In 1900 said George conveyed it to M. M. Rohrbough. Shortly thereafter Rohrbough granted a right of way for a railroad over it to The Holly Lumber Company, and also conveyed a part of the land to A. B. Casto. All the above-named parties are defendants to the bill. The chancellor decreed that plaintiff had a right to redeem the land by the payment of back taxes thereon, annulled all of the aforesaid conveyances, granted a perpetual injunction against cutting and removing timber and referred the cause to a commissioner to ascertain the amount of taxes due the State, the amount of taxes paid since the sale by the State and by whom paid, the value of the timber cut from the land and the value of any improvements placed thereon.

James F. McGraw lived in Brooklin, New York, and died in 1891 leaving three children, two of whom died shortly after their father, thus leaving plaintiff as his only heir at law. The land was assessed in 1892 in the name of John T. McGraw who was then the true owner. It was twice sold in his name for non-payment of taxes, once in 1893 and again in 1895 for the non-payment of the taxes of 1893, and each time it was purchased by the State. The State therefore acquired the McGraw title. The right of redemption from the State expired in one year from the sale, but again arose on the institution of proceedings by the commissioner of school lands to sell it. Section 17, chapter 105, serial section 4449, Code 1913, makes provision for redemption pending that proceeding. These are the only times given for redeeming title acquired by the State, whether it acquires it by forfeiture or delinquent tax purchase. This court held, in *Starr* v. *Sampselle,* 55 W. Va. 442, construing Sec. 30, Ch. 31, serial section 1089, Code 1913, that it does not extend the time of redemption of land purchased by the State, in favor of persons under disability, but applies only to redemption of lands from individual purchasers. If the former owner fails to redeem his land during the pendency of proceedings by the commissioner of school lands to sell it, and suffers it to be sold and a deed made to the purchaser, his right of redemption is forever gone, and there is no saving thereafter

in favor of persons under disability. Every statute of limitations runs against persons under disability, as well as against those who are *sui juris,* unless there is an express saving in their favor. *Jones* v. *Lemon,* 26 W. Va. 629; 25 Cyc. 1226; Wood on Limitations, Sec. 252. There is no saving in chapter 105 in favor of persons under disability. At the time the school commissioner sold the land the McGraw title was unquestionably in the State, if not by the tax sale then certainly by forfeiture, for the land had been off the land books for more than five years prior to that time and no taxes had been paid. Plaintiff did not redeem pending the school commissioner's proceeding and the law affords no opportunity to redeem thereafter.

It is insisted that no guardian ad litem was appointed for plaintiff in that proceeding and that this renders the sale void. It does not appear that he was then known to be an infant. He was not proceeded against as such. But even if he had been known to be an infant the failure to appoint a guardian ad litem for him would not have rendered the decree absolutely void, but only voidable and correctible by appeal. The error, if error at all in that particular case, does not relate to jurisdiction and, therefore, does not avoid the sale. *Chapman* v. *Branch,* 72 W. Va. 54, 78 S. E. 235. A decree made in the cause on the 13th May, 1896, recites that process was served on John T. McGraw, but plaintiff swears that he was never served and had no knowledge of the pendency of the suit. Plaintiff has an uncle of the same name as himself, and he may be the person on whom process was served, if actually served on any one. But, granting that plaintiff was not made a party to the proceeding, he still can not maintain this suit. The obligation to pay taxes is as binding upon an infant as upon an adult and the forfeiture laws contain no exceptions in favor of persons under disability. They are no respecter of persons. The State having acquired the McGraw title, and having thereafter sold the land as its own, is thereby estopped from again selling the same land unless it should acquire the new title which it created by the sale. The effect of the sale and deed was to pass all title which the State then had, and to estop it from asserting any title which it might thereafter acquire to the same land either

by forfeiture or by tax purchase of any other title except the new one. *State v. Mathews,* 68 W. Va. 89; *State v. West Branch Lumber Co.,* 64 W. Va. 673. The sale and conveyance operated as a legislative grant from the State. *State v. Jackson,* 56 W. Va. 559.

Moreover, if plaintiff was not made a party, the omission to do so is cured by Ch. 42, Acts 1905; Sec. 19, Ch. 105, serial section 4451, Code 1913. That statute is retroactive as well as prospective, and was designed to cure all errors and irregularities in school commissioner's proceedings, even embracing want of jurisdiction to decree a sale of the land. We had occasion to construe that statute in passing upon the same question that is now before us, in *State v. Mathews, supra,* and we refer to our opinion in that case on pages 96 and 97. The fact that the former owner in that case was an adult while in this he is an infant, can make no difference in the operation of the statute.

At the time plaintiff brought his suit he had no title to the land and, therefore, no standing in court. *Lawson v. Pocahontas Thin Vein Coal Co.,* 73. W. Va. 296, 80 S. E. 459. His want of title appears upon the face of the bill, and the demurrer thereto should have been sustained. The decree is reversed and, seeing that plaintiff can not make out a case entitling him to relief in any event, his bill is dismissed.

*Reversed and bill dismissed.*