# CHARLESTON.

DANIEL MEYERS *v.* MINNIE E. MEYERS.

Submitted April 26, 1921.   Decided May 3, 1921.

1. EQUITY—JUDGMENT—*Bill to Vacate Decree for Fraud Filed After Adjournment of Term Held an Original Bill, Although Denominated Bill of Review.*

   A bill to set aside and vacate a decree for fraud in its procurement, filed after the adjournment of the term at which it was entered, will be construed as an original bill, even though the pleader denominates it a bill of review. (p. 623).

2. SAME—*Rule to Answer Waived by Presence and Declining to Appear.*

   Where, in a suit brought to set aside and vacate a decree as having been procured by fraud, process is duly served upon the defendant, and both parties are present in court by their counsel, and the defendant in open court declines to appear further in the suit, a rule to answer is thereby waived, and the court may proceed to hear the cause *ex parte.* (p. 625).

Appeal from Circuit Court, Kanawha County.

Suit by Daniel S. Meyers against Minnie E. Meyers. Decree for plaintiff, and defendant appeals.

*Affirmed.*

*U. S. Albertson* and *Morgan Owen,* for appellant.

*A. M. Belcher,* for appellee.

RITZ, PRESIDENT:

This suit was instituted for the purpose of setting aside a final decree entered in a divorce suit brought by the defendant herein against the plaintiff herein, upon the ground that said decree was procured through fraud.

The bill alleges that the defendant herein instituted suit in the Circuit Court of Kanawha County to secure a divorce from the plaintiff in this case; that in that suit an answer and cross bill were filed, and an answer filed by the plaintiff therein to the cross bill; that after issue was made up in this way the plaintiff therein, the defendant in this suit, proceeded to take her testimony; and that while her testimony was being

taken, and before the same had been completed, and before the defendant had had any opportunity to take his testimony, and without his knowledge, a final decree was entered in the divorce suit granting the plaintiff the relief she prayed for; that at the time the decree was entered the depositions were continued by agreement of the parties, to be resumed at a future day, and that in violation of this agreement, and in fraud of the defendant's right to make a defense which he has to said suit, the plaintiff by misrepresenting the facts, and by procuring the divorce commissioner to make a report without consideration of the evidence which had been taken, and without giving opportunity to take the evidenc which had not yet been taken, secured the entry of such final decree.

The pleader called the bill in this case a bill of review. Process was issued upon it and served upon the defendant, and she appeared thereto and filed a demurrer. When the cause came on for hearing the plaintiff asked that his bill be treated as an original bill, to which the defendant objected, but the court held that it was in effect an original bill to impeach the decree in the divorce suit for fraud, and so treated it. The defendant then declined to make any further appearance in the case, and the court proceeded ex parte therein, and entered a decree setting aside the decree entered in the divorce suit, and adjudging that that suit be proceeded in as though the final decree had not been entered, and it is from this decree that this appeal is prosecuted.

The principal contention of the appellant is that the court erred in proceeding with the cause after the plaintiff asked that his bill be treated as an original bill instead of a bill of review without remanding it to rules for new process. There is nothing in this contention. The nature of a pleading is to be determined by its contents, and not by what the pleader may call it. While the pleader in this instance called the bill a bill of review, it was in no sense such a pleading. The only ground for attacking the decree sought to be set aside is fraud in its procurement, and there can be little doubt from the recitals in the bill, and the proceedings had in the cause, that the plaintiff has a good cause of action. . These

allegations made his pleading an original bill to vacate the decree for fraud, and not a, bill of review, and the fact that he called it a bill of review cannot change its real character. *Kelley* v. *Thompson,* 87 W. Va. 694, 106 S. E. 230. Service of process was had upon this bill, and the defendant was called upon to answer the allegations contained in it, and it 'is not a sufficient answer to those allegations to say that the pleader has improperly designated the bill as a bill of review instead of an original bill. The appellant relies upon the cases of *Law* v. *Law,* 55 W. Va. 4, and *McLanahan* v. *Mills,* 73 W. Va. 246, as supporting her contention that new process should issue upon the bill when the court determined to treat it as an original bill. In each of those cases the bill originally filed was a bill of review, and the pleader by an amendment introduced allegations of fraud in the procurement of the decrees complained of. By introducing these new allegations the bill of review was converted into an original bill attacking the decrees for fraud. In this case there were no new allegations introduced into the pleading, and no change whatever made therein. In the McLanahan case it was earnestly contended that a bill of review could not thus be converted into an original bill by amendment, but the majority of the court held that it could be done. Additional allegations, however, were inserted which made an entirely different cause of action from that stated in the bill of review. It will thus be seen that those cases have no application to a case like this.

The defendant also insists that even though the court properly treated this pleading as an original bill instead of a bill of review, still it was error to decree thereon without giving her an opportunity to answer. This contention would be good if it was based upon the facts in the case. The defendant demurred to the bill, and while her demurrer was pending the court announced that he would treat the bill as an original bill attacking the decree for fraud, and as before stated this is all he could do for that is what it is. Upon this being done the record shows that, both parties being in court, the defendant declined to appear further, and the court pro-

ceeded with the cause ex parte. The decree does not show that the demurrer was overruled, but the effect of the decree is to overrule it, and plainly from the recitals of the decree the defendant understood this, for the decree says that "thereupon the defendant not appearing to said bill as an original bill," and then proceeds to adjudicate the matters involved in favor of the plaintiff. What was the effect of this failure of the defendant to further appear? The record shows she was in court at the time and deliberately refused to appear further in the cause. Ordinarily, of course, when a demurrer is overruled it is the duty of the court to give to the defendant an opportunity to answer, but this right may be waived, and that is just what the defendant did in this case by declining to further appear. In the case of *Mitchell* v. *Evans*, 29 W. Va. 569, the defendant being in court, as in this case, declined to proceed further in the cause, and the court held that that was in effect a refusal to amend the bill. In that case it is true the court had sustained a demurrer to the bill filed, and the point was made that before dismissing it an opportunity to amend should have been given. This court held that the statement in the decree that the plaintiff declined to proceed further in the cause was equivalent to declining to amend. So in this case it was the duty of the court before proceeding ex parte with the cause to give the defendant an opportunity to answer, or a rule to answer, but this would be a perfectly futile thing to do when the defendant was in court and declined to further appear in the cause. What purpose could be served by giving a rule to answer when the party entitled to do so was present and declined to make any further appearance? We think by her conduct on this occasion plaintiff waived her right to a rule to answer, and that the court was justified in proceeding with the cause ex parte. It is true the decree shows that the court was informed from his own investigation that he had been fraudulently imposed upon by the plaintiff in procuring the decree to be entered, but this is mere surplusage. The averments of the bill, sworn to and undenied by any answer, justify the decree entered, regardless of the facts

recited therein as known to the court from his own investigation.

We find no error in the decree complained of, and the same is affirmed.

*Affirmed.*