STATE OF WEST VIRGINIA *v.* L. C. BOARD *et al.*

(No. 7172)

Submitted February 9, 1932.   Decided February 16, 1932.

*T. C. Townsend,* State Tax Commissioner, and *J. E. Peck,* for appellant.

*Mark T. Valentine,* for appellees.

MAXWELL, JUDGE:

In this chancery suit, which was instituted in the circuit court of Logan County by the State of West Virginia to subject to sale certain parcels of real estate which had been returned delinquent for non-payment of taxes and purchased by the state at sheriff's sale in December, 1923, there was included a certain lot in the city of Logan, delinquent in the name of Eugene H. Lopinsky for the non-payment of taxes for the year 1921. Virginia Cleavenger McDonald intervened in the suit by petition claiming to be the owner of said lot and asserted that any title which the state may have acquired thereto under its purchase at the sheriff's sale "has been transferred and vested in your petitioner under and by virtue of the provisions of Section 3 of Article XIII of the Constitution of West Virginia, and Section 6 of Chapter 105 of the Code of West Virginia." The court sustained the position of the petitioner and dismissed the suit as to said lot. The State appeals.

By two sales and conveyances in 1921, May and August, respectively, Lopinsky disposed of the lot. Through several mesne conveyances the petitioner came into full ownership of the lot in September, 1926.

Sec. 3, Art. XIII, Constitution of West Virginia, reads:

"All title to lands in this State heretofore forfeited, or treated as forfeited, waste and unappropriated, or escheated to the State of Virginia, or this State, or purchased by either of said States at sales made for the non-payment of taxes and become irredeemable, or hereafter forfeited, or treated as forfeited, or escheated to this State, or purchased by it and become irredeemable, not redeemed, released or otherwise disposed of, vested and remaining in this State, shall be, and is hereby transferred to, and vested in any person (other than those for whose default the same may have been forfeited or returned delinquent, their heirs or devisees), for so much there-

of as such person has, or shall have had actual continuous possession of, under color or claim of title for ten years, and who, or those under whom he claims, shall have paid the State taxes thereon for any five years during such possession; or if there be no such person, then to any person (other than those for whose default the same may have been forfeited, or returned delinquent, their heirs or devisees), for so much of said land as such person shall have title or claim to, regularly derived, mediately or immediately from, or under a grant from the Commonwealth of Virginia, or this State, not forfeited, which but for the title forfeited, would be valid, and who, or those under whom he claims has, or shall have paid all State taxes charged or chargeable thereon for five successive years, after the year 1865, or from the date of the grant, if it shall have issued since that year; or if there be no such person, as aforesaid, then *to any person (other than those for whose default the same may have been forfeited, or returned delinquent, their heirs or devisees), for so much of said land as such person shall have had claim to and actual continuous possession of, under color of title for any five successive years after the year 1865, and have paid all State taxes charged or chargeable thereon for said period.*"

These provisions of our organic law are carried in substance into the statute, Code 1923, ch. 105, sec. 6; Code 1931, 37-3-13. The petitioner takes the position that she comes within the third (italicized) class of claimants provided for in the constitutional provisions set forth in the above quoted section, and as carried into the statute. It is her position that she and those under whom she claims (subsequent to Lopinsky) have held the land under proper deeds of conveyance therefor, the same of course being color of title, and that the land has been regularly and properly assessed to them and that they have paid all taxes thereon from the years 1922 to 1930—that she has individually paid the taxes for the years 1926 to 1930, inclusive.

It is argued for the state that said lot had not become irredeemable in consequence of the state's purchase in 1923, and therefore that by no possibility could the said constitu-

tional and statutory provisions be applicable. This is based on the idea that although the period of one year within which a person in interest may redeem after purchase by the state (Code 1923, ch. 31, sec. 33; Code 1931, 11-10-30), has long passed, yet, because a party in interest may redeem after institution of a school commissioner's suit, and before final decree therein (Code 1923, ch. 105, sec. 17; Code 1931, 37-3-29), the land cannot therefore be said to be irredeemable within the meaning of said constitutional provisions and the statute covering the same matter. This view we are unable to share, because we are of opinion that it clearly appears that the irredeemability to which reference is made in the constitutional provision quoted and the statute effectuating the same pertains to the one-year period allowed for redemption after purchase by the state, and has no reference to the privilege of redemption which the law accords to persons in interest after the institution of a suit by a commissioner of school lands, and prior to final decree therein.

We think that the sense in which "irredeemable" is used in the constitution and statute is made clear by another statutory provision which reads: "All lands in this State, waste and unappropriated, or heretofore or hereafter for any cause forfeited, or treated as forfeited, or escheated to the State of Virginia or this State, or purchased by either and become irredeemable, not redeemed, released, transferred or otherwise disposed of, the title whereto shall remain in this State till such sale as is hereinafter mentioned be made, shall, by proceedings in the circuit court of the county in which the lands or a part thereof are situated, be sold to the highest bidder for the benefit of the school fund, in the manner hereinafter provided." Code 1923, ch. 105, sec. 1; Code 1931, 37-3-3. That section refers, of course, to irredeemability which arises at the expiration of the one-year period allowed for redemption. Therefore, this point, raised by the state, is not well taken.

It is further urged on behalf of the state that the claimant cannot have the benefit of the above quoted constitutional provision, and the statute effectuating the same, because the

petitioner does not claim under a title hostile to the delinquent Lopinsky title but that she claims through mesne conveyances under Lopinsky. This position likewise is not well taken. The constitution does not exclude such claimant, whether a direct or remote alienee or asignee of the person in whose name the land was returned delinquent. The constitution excludes only heirs and devisees of such person. See constitutional provision quoted above. Prior adjudications sustain this view. *State* v. *Collins,* 48 W. Va. 64, 67, 35 S. E. 840; *Litz* v. *Lowry,* 69 W. Va. 181, 185, 71 S. E. 263. When the facts place a person within any of the provisions of sec. 3, Art. XIII of the State Constitution, the same, and the statute effectuating it, operate to transfer the state's title forthwith to such person. *State* v. *Garnett,* 66 W. Va. 106, 66 S. E. 98. The title of a person claiming under the said article of the Constitution may come into maturity and fruition even after the state has instituted a suit to sell the land for benefit of the school fund. *State* v. *Thompson,* 77 W. Va. 765, 88 S. E. 381. Of course, the state must have title before it can obtain a decree of sale in such suit. *State* v. *Mathews,* 68 W. Va. 89, 69 S. E. 644. If it has divested itself of its title through the operation of this organic law (Constitution, Art. XIII, sec. 3), it is without basis for such decree. *State* v. *Jackson,* 56 W. Va. 558, Syl. 14, 49 S. E. 465.

Another proposition urged on behalf of the state is that the property in question was unlawfully assessed for taxation subsequent to the purchase by the state at the delinquent tax sale in December, 1923, and that the petitioner cannot claim the benefit of taxes paid under such unlawful assessment. In support of this position, reliance is had upon ch. 29, sec. 36, Code 1923; (Code 1931, 11-4-5). The pertinent portion of this section reads: "Real estate purchased for the State, at a sale for taxes, shall not be omitted from the land books, but no taxes shall be assessed thereon while the same remains the property of the State; * * *." That statute cannot properly be construed as applicable in a situation such as at bar, for, under such construction, the statute would be in conflict with the constitutional provision under con-

sideration. The constitution not merely recognizes but creates the right in persons who place themselves within its terms to claim the benefits of the payment of taxes under assessments made subsequent to the state's purchase.

The purpose of said statute is exemplified in *Totten* v. *Nighbert,* 41 W. Va. 800, 24 S. E. 627, wherein syllabus 4 reads: "Where land has been sold for taxes, and purchased for the state, and the clerk of the court illegally places such land on the land books for succeeding years in the former owner's name, and such land is again delinquent, and sold, by direction of the auditor, for the taxes of such succeeding years, such sale is illegal and void, and the purchaser acquires no title by reason thereof; and the clerk's deed made in pursuance of such sale is wholly void, and will be set aside." To the same effect, *State* v. *McEldowney,* 54 W. Va. 695, 47 S. E. 650.

In the light of these principles we are of opinion that the state has no title to petitioner's lot and consequently cannot sell it for the benefit of the school fund. We affirm the action of the trial court in dismissing the bill as to said lot.                                          *Affirmed.*