STATE OF WEST VIRGINIA *v.* WILLIAM D. PHILLIPS *et al.*

(CC 518)

Submitted September 12, 1934. Decided September 25, 1934.

*Everett F. Moore,* for plaintiff.

*Walter A. McGlumphy,* for defendant Wm. S. Humbert.

LITZ, JUDGE:

This is a certificate under Code, 58-5-2, involving the action of the circuit court, overruling a demurrer to the bill in a suit to sell as forfeited for the benefit of the

state school fund a tract of 7257 acres of minerals, owned jointly by numerous persons, in Marshall County. The bill alleges that the property has become forfeited under section 6, Article XIII of the Constitution, for failure of the owners to have it charged for taxes on the land books of Marshall County for five successive years. Since 1927, the property has been assessed separately to the respective owners according to their undivided interests. The acreages on which taxes have not been paid during that period follow: 1927, 1132 acres; 1928, 2412 acres; 1929, 2835 acres; 1930, 4555 acres; 1931, 6587 acres; 1932, 6587 acres. A sale has been ordered without a reference.

The owners contend that the assessments by undivided interests prevented forfeiture notwithstanding the taxes were only partially discharged. The state, on the other hand, insists that the attempted assessments by undivided interests, which were illegal, void and unenforceable (*Toothman* v. *Courtney,* 62 W. Va. 167, 58 S. E. 915; *Lafollette* v. *Nelson,* 113 W. Va. 906, 170 S. E. 168), did not constitute a charge of the property upon the land books within the meaning of the Constitution. "If it is undertaken to assess land separately by undivided interests therein, or separately by aliquot parts representing the undivided interests, and any undivided interest is omitted for a period of five successive years, the title of the entire tract will become forfeited and vest in the state, notwithstanding entry and payment may have been made as to other undivided interests." *Carretta Ry. Co.* v. *Fisher,* 74 W. Va. 115, 81 S. E. 710. It is argued for the owners that the principle should not be extended to a case where the entire acreage has been assessed by undivided interests, although none of the taxes is paid, upon the theory that such assessment constitutes a charge on the land books in compliance with the Constitution. We do not share this view for the reason that its application would necessarily preclude the state from collecting any taxes on real estate. It could not proceed by an ordinary tax sale, because the assessment is illegal and would carry no title by sale either to an individual

or the state; and if the assessment by undivided interests prevents a forfeiture, the state could never sell in a school land proceeding. We are therefore clearly of opinion that title to the property is forfeited, and that the state may proceed to sell for its unpaid taxes. But as part of the taxes has been paid, the cause is remanded to the circuit court for the purpose of ascertaining the amount of unpaid taxes before a sale is directed.

The ruling certified is, accordingly, affirmed and the cause remanded for further proceedings.

*Affirmed and remanded.*